UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WESLEY KEIGLEY,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                              Case No. 1:14-CV-249

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #19). Plaintiff's counsel seeks $4,855.81 in fees, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

On February 10, 2015, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. #16). This recommendation was subsequently adopted by the Honorable Janet T. Neff. (Dkt. #17-18). Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. Specifically, counsel seeks to recover $4,855.81 in attorneys fees (23.5 hours multiplied by an hourly rate of $206.63).

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing

party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant opposes counsel's motion on the ground that the Commissioner's position was substantially justified. The Court is not persuaded.

As detailed in the February 10, 2015 Report and Recommendation, the ALJ failed to properly evaluate the opinion evidence offered by one of Plaintiff's doctors. As detailed in the Report and Recommendation, however, the ALJ's rationale was not supported by substantial evidence. Specifically, the ALJ significantly mischaracterized the medical record, failed to discern that the statement in question constituted a medical opinion as defined by the relevant Social Security regulations, and mischaracterized the basis for the doctor's opinion. In sum, the ALJ's decision was based upon both mischaracterizations of the record and conclusions which are contrary to controlling legal authority. Defendant has failed to persuade the Court that the ALJ's decision was "justified, both

in fact and in law, to a degree that could satisfy a reasonable person." Accordingly, the undersigned concludes that the Commissioner's decision in this matter was not substantially justified.

Having determined that counsel is entitled to an award of EAJA fees, the Court must determine whether counsel's request is reasonable. The Court finds the amount of hours expended in this matter to be reasonable and appropriate. However, the Court finds an hourly rate of $175 to be more appropriate. *See Johnson v. Commissioner of Social Security*, 2015 WL 5944186 at *1-3 (W.D. Mich., Oct. 13, 2015); *Martin v. Commissioner of Social Security*, 2015 WL 3513770 at *2 (W.D. Mich., June 4, 2015). Accordingly, the undersigned recommends that EAJA fees and costs be awarded in the amount of $4,112.50 ($175 multiplied by 23.5 hours). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that this amount be paid to Plaintiff not his attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 2524. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 2525. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.*

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal

administrative offset if the litigant has outstanding federal debts." *Id.* at 2525-27. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. As the Court observed, the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel has included with his motion a copy of a document, titled "Plaintiff's Affidavit and Assignment of EAJA Fee," in which Plaintiff purports to assign payment of any EAJA fees to counsel. (Dkt. #20 at PageID.1307-08). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to his attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated,

the Supreme Court has held that payment of EAJA fees must be made to the party, not his attorney, and the Court declines to disregard such clear and controlling direction.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (Dkt. #19), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, one hundred twelve dollars and fifty cents ($4,112.50) and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 1, 2015
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge